```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

William Faulkner,

                Petitioner,

vs.                                    Case No. 2:05-cv-588-FtM-29DNF

Florida State Department of Children
and Families ,

                Respondent.
_____

## **O P I N I O N   A N D   O R D E R**

This cause is before the Court on Petitioner William Faulkner's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition")(Doc. #1) filed December 9, 2005. Petitioner filed his Petition as a convicted state felon currently being housed at the Florida Civil Commitment Center ("FCCC"), awaiting his Jimmy Ryce civil commitment trial ("Jimmy Ryce Trial"), pursuant to Sections 394.910-.931, Florida Statutes (2000). In the instant Petition, Faulkner seeks release, through issuance of a writ of habeas corpus, from the FCCC prior to his Jimmy Ryce Trial, arguing that his current confinement while awaiting his Jimmy Ryce Trial and any subsequent civil commitment are unlawful and unconstitutional. (Doc. #1). Petitioner argues, *inter alia*, that he did not waive his right to a speedy trial, nor has the trial taken place since his commitment to the FCCC on September 15, 2004. Petitioner argues his continued commitment is illegal.

Dismissal of this Petition is warranted because Faulkner's civil commitment trial proceedings remain pending.  Faulkner has not yet been declared a sexually violent predator in need of commitment under the Jimmy Ryce Act because the Jimmy Ryce Trial has not yet been conducted.  If found by the jury to meet the requirements for civil commitment, a final judgment of commitment would be entered, and Faulkner would have the right to appeal the decision and exhaust his constitutional claims in the state courts.  Alternatively, the Jimmy Ryce Trial may conclude in his favor and result in Petitioner's release, thus mooting this Petition.

Because it appears that Petitioner's Jimmy Ryce Trial has not yet taken place, the Court determines that the Petition should be dismissed as premature. See Younger v. Harris, 401 U.S. 37 (1971) (holding that federal courts should abstain from interfering with pending state proceedings when the pending state proceedings are judicial in nature, the proceedings involve important state interests, and the proceedings offer adequate opportunity to raise any constitutional issues); Maharaj v. Sec'y Dep't of Corr., 304 F. 3d 1345 (11th Cir. 2002)(federal habeas petition was not ripe for review when state judgment was not yet final).

For the reasons explained above, it is now

**ORDERED**:

1.  Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED without prejudice** except as to any

application of the federal statute of limitations or other procedural bars which may apply.

    2.    The Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this case.

    **DONE AND ORDERED** in Fort Myers, Florida, on this __30th__ day of June, 2006.

                                      JOHN E. STEELE
                                      United States District Judge

SA:   hmk
Copies: All Parties of Record